# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:08-CR-77 CAS |
| | ) | |
| JONATHAN LEE JENKINS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Jonathan Lee Jenkins' "Motion for Reduction of Sentence Based on Guidelines Amendment Effective November 1, 2011 and March 3, 2008 Concerning Weight Equivalency of Crack Cocaine," which is filed pursuant to 18 U.S.C. § 3582(c). The government opposes the motion, defendant filed a reply and the motion is ready for decision. Several letters have been filed in support of defendant's motion. For the following reasons, the Court has no authority to reduce defendant's sentence and the motion must be denied.

**Background**

Defendant Jenkins was indicted on May 22, 2008, on one count of knowing and intentional possession with the intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count I); and one count of knowing and intentional possession with the intent to distribute five grams or more of a substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count II).

On March 17, 2009, Jenkins entered into a plea agreement and pleaded guilty to Count II in exchange for the government's agreement to dismiss Count I at sentencing. The Presentence Investigation Report calculated a base offense level of 24 based on the amount of crack cocaine

attributed to Jenkins, U.S.S.G. § 2D1.1, and categorized him as a career offender based on prior felony convictions, pursuant to U.S.S.G. § 4B1.1. Because Jenkins' offense level from the career offender table was higher than his level from the drug quantity table, the Presentence Investigation Report determined his guideline range to be 292 to 365 months.

The Court adopted the Presentence Report with changes, specifically that defendant should be given three points for acceptance of responsibility, not two, and that the defendant's criminal history was overstated. On June 11, 2009, the Court departed downward based on Jenkins' attempt to cooperate and the ratio disparity between sentences for cocaine and cocaine base, and sentenced Jenkins to 180 months imprisonment on Count II. Count I was dismissed on the government's motion. The United States Court of Appeals for the Eighth Circuit granted the government's motion to dismiss the appeal filed by Jenkins. United States v. Jenkins, No. 09-2490 (8th Cir. Oct. 7, 2009). Defendant's motions for rehearing and rehearing en banc were denied by the Eighth Circuit on December 4, 2009.

On August 12, 2013, Jenkins filed the instant motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), based on Amendments 706, 713, 750 and 759 to the United States Sentencing Guidelines ("USSG"), and the Fair Sentencing Act of 2010.

**Discussion**

As a general rule, a district court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c); Dillon v. United States, 560 U.S. 817, 130 S. Ct. 2683, 2687 (2010). Several exceptions to this rule exist. Section 3582(c)(2) enables a district court to reduce an already imposed sentence—

> in the case of a defendant who has been sentenced to a term of imprisonment <u>based on a sentencing range that has subsequently been lowered by the Sentencing Commission</u> . . . after considering the factors set forth in section 3553(a) to the extent

2

that they are applicable, <u>if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission</u>.

18 U.S.C. § 3582(c)(2) (emphases added); see also <u>United States v. Burrell</u>, 622 F.3d 961, 962 (8th Cir. 2010). The applicable policy statement for § 3582(c)(2) is USSG § 1B1.10. <u>Dillon</u>, 130 S. Ct. at 2688. "The statute thus establishes a two-step inquiry. A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." <u>Id.</u> at 2691.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." <u>Dillon</u>, 130 S. Ct. at 2691 (emphasis added). <u>United States v. Booker</u>, 543 U.S. 220 (2005) does not apply to § 3582(c) proceedings, <u>see id.</u> at 2691-92, and the policy statements of Guideline § 1B1.10 are binding on the district courts. <u>Id.</u> at 2692-93; see <u>United States v. McKoy</u>, 665 F.3d 968, 970 (8th Cir. 2011) (per curiam). A district court must apply the version of Guideline § 1B1.10 "that is in effect on the date on which the court reduces the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10 cmt. n.6 (2011); <u>United States v. McKoy</u>, 665 F.3d 968, 970 (8th Cir. 2011).

With this in mind, the Court examines each ground asserted by defendant in support of his motion for sentence reduction.

I. <u>Amendments 706 and 713</u>

The Sentencing Guidelines for crack cocaine were amended effective November 1, 2007, to reduce the base offense levels in USSG § 2D1.1 based on the quantity of cocaine base involved. <u>United States v. Tingle</u>, 524 F.3d 839, 839 (8th Cir. 2008) (per curiam); see Amendment 706, as amended by Amendment 711, see <u>United States v. Murphy</u>, 2013 WL 4516375, at *1 (8th Cir. Aug. 27, 2013). Amendment 706 was in effect at the time defendant Jenkins was sentenced in 2009.

3

However, the Eighth Circuit has explained that although the Sentencing Commission lowered the offense levels in § 2D1.1 related to crack cocaine quantities through Amendment 706, it did not lower the sentencing range for career offenders under USSG § 4B1.1. Id. at 840. The Eighth Circuit has held that Amendment 706 does not apply to defendants sentenced as career offenders, such as defendant Jenkins, even where the sentencing court departs from that range based on an overstated criminal history, before then varying downward after consideration of the 18 U.S.C. § 3553(a) factors. See United States v. Blackmon, 584 F.3d 1115, 1116-17 (8th Cir. 2009). As a result, defendant Jenkins' sentence was not affected by Amendment 706 and he is not eligible to seek a sentence reduction under Amendment 706.[1]

II. Amendments 750 and 759

Amendment 750 to the guidelines, made retroactive by Amendment 759 and effective November 1, 2011, further lowered the base offense levels in USSG § 2D1.1 used for calculating guideline ranges based on the quantity of crack cocaine involved in an offense. United States v. Reeves, 717 F.3d 647, 649 (8th Cir. 2013). Amendment 750 did not change the career offender guideline. The Sentencing Commission stated in its Reason for Amendment to Amendment 750 that not all offenders will receive a lower sentence as a result of the change to the Drug Quantity Table. As relevant here, offenders that are sentenced pursuant to § 4B1.1 (career offenders), such as defendant, have "sentencing guideline ranges that are unaffected by a reduction in the Drug Quantity Table." See U.S.S.G. App. C. Amdt. 750 at 394.

---

[1]Amendment 706 was made retroactive by Amendment 713, effective March 3, 2008. United States v. Garcia, 608 F.3d 1009, 1009 (8th Cir. 2010). Because Amendment 706 was in effect at the time of defendant Jenkins' sentencing in 2009, Amendment 713, which made Amendment 706 retroactive, is of no relevance here and offers no basis for a sentence reduction.

4

In both Reeves and United States v. Harris, 688 F.3d 950, 955 (8th Cir. 2012), the Eighth Circuit concluded that defendants sentenced as career offenders were not eligible for a sentence reduction under § 3582(c)(2) based on Amendment 750, because the sentences were based on career offender status, USSG § 4B1.1(b), which was unchanged by Amendment 750, and not on the quantity of crack cocaine involved in the conviction, see USSG § 2D1.1. As a result, the defendants were not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," as required by § 3582(c).

In Harris, much like the instant case, defendant Harris's sentence was based on the career offender guidelines and he received a reduction for acceptance of responsibility and as well as other departures. The Eighth Circuit concluded that Harris was not eligible for a sentence reduction under § 3582(c)(2) because his sentence was not "based on the crack-cocaine guidelines but, rather, on the applicable career-offender range set forth in § 4B1.1(b)." Id. at 953. The Eighth Circuit's decision in Harris controls this case. Defendant Jenkins is not eligible for a sentence reduction under Amendments 750 and 759 because his sentence was based on the career offender guidelines, which the Sentencing Commission did not change. See also Reeves, 717 F.3d at 650 ("Because Reeves was sentenced under the career offender provision, Amendments 750 and 759, which modified the drug quantity provision, are irrelevant.").

III. Fair Sentencing Act

The Fair Sentencing Act of 2010 increased the drug amounts triggering mandatory minimum sentences for crack trafficking offenses from 5 grams to 28 grams for the 5-year minimum and from 50 grams to 280 grams for 10-year minimum. The change had the effect of lowering the 100-to-1 crack-to-powder ratio to 18-to-1. The Act also eliminated the 5-year mandatory minimum for simple possession of crack. Dorsey v. United States, 132 S. Ct. 2321, 2329 (2012). In Dorsey, the

Supreme Court held that the Fair Sentencing Act applies in an initial sentencing proceeding that takes place on or after the statute's effective date of August 3, 2010, if the offense occurred before that date. Id. at 2326.

Defendant Jenkins' initial sentencing proceeding took place in 2009, prior to the effective date of the Act. The Eighth Circuit has held that "the Fair Sentencing Act does not apply retroactively to defendants who were sentenced before August 3, 2010, and who seek a reduction in their sentences under section 3582(c)(2)." Reeves, 717 F.3d at 651. Because defendant Jenkins was sentenced before August 3, 2010, the Fair Sentencing Act does not apply to him and cannot provide a basis for reduction of his sentence.

IV. Conclusion

For the foregoing reasons, defendant Jenkins is not eligible for a reduction of his sentence based on Amendments 709, 713, 750, or 759 to the Sentencing Guidelines, or the Fair Sentencing Act of 2010, and his motion to reduce sentence must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Jonathan Lee Jenkins' "Motion for Reduction of Sentence Based on Guidelines Amendment Effective November 1, 2011 and March 3, 2008 Concerning Weight Equivalency of Crack Cocaine," filed pursuant to 18 U.S.C. § 3582(c), is **DENIED**. [Doc. 93]

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __19th__ day of November, 2013.